O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CORTEZ, an individual; JOSE MARTINEZ, an individual; SAUL R. VASQUEZ, an individual; and JORGE RUBEN SOLORIO, an individual,<br><br>Plaintiffs,<br>v.<br>KLIQUE CAR CLUB, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-07210-MEMF-MAA<br><br>**ORDER DENYING MOTION TO DISMISS [ECF NO. 14]** |

Before the Court is the Motion to Dismiss filed by Defendant Klique Car Club, Inc. ECF No. 14. For the reasons stated herein, the Court hereby Denies the Motion to Dismiss.

### I.  Factual Background[1]

The Klique Car Club (the "Club") was a social club created by original members Armando Romo, Johnny Almanzan, Johnny Arvizu, George Pineda, Manuel Silva, Danny Ornelas, Ruben Garcia, Gus Salcid, Vincent Gomez, and Bobby Hidalgo in 1964. Compl. ¶ 11. The original

---

[1] The following factual background is derived from the allegations in Plaintiffs' Complaint, ECF No. 1 ("Compl."), unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

members joked that the Club was a "walking club" because, at the time of formation, none of the original members had a car. *Id.* In 1966, Bobby Hidalgo purchased a club and became president of the club. Compl. ¶ 12. The group then began to call themselves with the Klique Car Club—spelling "clique" with a "k"—and picked a club color (burgundy) and a club font (old English) that they used on their club jackets. *Id.* Mario Flores created a club plaque. *Id.* The Club has many chapters throughout the country and internationally. Compl. ¶ 14.

In 2020, the presidents of all the various Club chapters decided that ownership of the "KLIQUE" mark should be shared by specific presidents of the various chapters— that is, Plaintiffs Alfonso Cortez ("Cortez"), Jose Martinez ("Martinez"), Saul R. Vasquez ("Vasquez"), and Jorge Ruben Solorio ("Solorio," and collectively, "Plaintiffs"). Compl. ¶¶ 5–8, 15. Defendant Klique Car Club, Inc. ("Klique Car") is an unauthorized chapter of the Club that does not have authority to use the "KLIQUE" mark. Compl. ¶ 16. Klique Car has sought registration of the mark "KLIQUE ELA," and has claimed a first use date of September 30, 1964 in connection with its application. *Id.*

## II.  Procedural History

Plaintiffs filed their Complaint on August 31, 2023. ECF No. 1. The Complaint lists the following six causes of action: (1) Common Law Trademark Infringement (Compl. ¶¶ 19–25); (2) False Designation of Origin (Compl. ¶¶ 26–32); (3) Common Law Unfair Competition under California Business and Professions Code section 17200, *et seq.* (Compl. ¶¶ 33–36); (4) Violation of California Business and Professions Code section 17500 (Compl. ¶¶ 37–40); (5) Injunctive Relief (Compl. ¶¶ 41–44); and (6) Declaratory Relief (Compl. ¶¶ 45–47).

Klique Car filed the instant motion to dismiss on October 30, 2023. ECF No. 14-1 ("Motion" or "Mot."). The Motion is fully briefed. ECF Nos. 18 ("Opposition" or "Opp'n"), 19 ("Reply"). On March 4, 2024, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 20; *see also* C.D. Cal. L.R. 7-15.

## REQUEST FOR JUDICIAL NOTICE

### I.  Applicable Law

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may take judicial notice of "undisputed matters of public record," but generally may not take judicial notice of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Public records, including documents on file in federal or state court, are proper subjects of judicial notice. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

## II. Discussion

Here, Klique Car asks the Court to take judicial notice of three exhibits: (1) the Trademark and Trial Appeal Board ("TTAB") docket sheet in TTAB Cancellation Proceeding No. 92074470 (the "Prior TTAB Proceeding"); (2) the TTAB Order on Petitioner's Motion for Summary Judgment from the Prior TTAB Proceeding; and (3) the Final Decision from the Prior TTAB Proceeding. Mot at 6. The Court GRANTS Klique Car's request with respect to these three exhibits and takes judicial notice of the three exhibits as matters of public record.[2] The Court notes that by taking judicial notice of these documents, the Court's consideration of these documents does not, as Plaintiffs allege, convert the motion to dismiss into a motion for summary judgment. *See Lee*, 250 F.3d at 688–89.

## MOTION TO DISMISS

### I. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[2] Klique Car also apparently asks the Court to take judicial notice of "*the facts* . . . in TTAB Cancellation Proceeding No. 92074470." Mot. at 6 (emphasis added). Klique Car does not specify what "facts" it seeks to have this Court take judicial notice of, but this Court may not take judicial notice of disputed facts, even if stated in public records. Accordingly, to the extent that Klique Car is seeking to have this Court take judicial notice of anything beyond the three exhibits noted above, that request is DENIED.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II.     Discussion

The parties sole dispute at this stage is whether issue preclusion necessitates the dismissal of Plaintiffs' Complaint. Klique Car argues that Plaintiffs' Complaint must be dismissed because priority of use—an issue that underlies all of Plaintiffs' claims—has already been decided in the Prior TTAB Proceeding between Klique Car and non-party Klique E.L.A. Car Club ("Klique ELA"). Mot. at 6–7; ECF No. 14-2 at 4. As the Court explains below, the Court does not find that, at this stage, issue preclusion bars Plaintiffs' action.

Issue preclusion is a doctrine that bars the relitigation of issues adjudicated in an earlier proceeding. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012). Issue preclusion applies where the following three requirements are met: (1) the issue sought to be precluded is identical to the issue necessarily decided in a previous proceeding; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted either was a party in or in privity with a party from the first proceeding. *Id.* Issue preclusion is an affirmative defense. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense."). Generally, "'affirmative defenses may not be raised by motion to dismiss,'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022);

however, affirmative defenses may be considered where the "'the allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

The Court begins with the first requirement—whether the issue in the TTAB Prior Proceeding is identical to the issue sought to be precluded in this action.[3] The only issue before the TTAB in the Prior TTAB Proceeding was whether Klique Car had priority over Klique ELA as the senior user of the "KLIQUE ELA" mark. ECF No. 14-2 at 15. In their Opposition, Plaintiffs do not argue that priority is not at issue in the present action, but instead argue that the issues are not identical because the parties are not the same—that is, the Prior TTAB Proceeding asked whether Klique ELA was the prior user of the mark at issue, while this proceeding asks whether Cortez, Martinez, Vasquez, and Solorio can establish prior use. Opp'n at 2–3. This issue intersects with another factor in the issue preclusion analysis—the privity of parties between the proceedings. If, as Klique Car argues, Cortez, Martinez, Vasquez, and Solorio all derive their rights from Klique ELA because they are in privity, then the issue between both this proceeding and the Prior TTAB Proceeding is indeed the same.

However, looking to the face of the Complaint and the judicially noticed documents, the Court cannot, at this stage, conclude that there is privity between the parties such that the issues are the same. The Court understands—from the judicially noticed documents—that in the TTAB Prior Proceeding, Martinez testified that he was the president of Klique ELA and that the trademark was originally registered in his name.[4] The Court also understands—from the judicially noticed documents—that the TTAB found that "Mr. Martinez never owned the KLIQUE ELA mark or any registration of the mark."[5] But, on its own, this still does not establish privity between Martinez and Klique ELA. Furthermore, the record does not conclusively tie Cortez, Vasquez, and Solorio to

---

[3] The Court notes that Plaintiffs do not argue that TTAB proceedings cannot have a preclusive effect in their Opposition, an issue addressed by Klique Car in its Motion. *See generally* Opp'n.
[4] *See* ECF No. 14-2 at 46–49 (describing Martinez's testimony in the TTAB proceeding concerning the Klique ELA club and Martinez's involvement).
[5] *See* ECF No. 14-2 at 27 (TTAB findings regarding Martinez's ownership of the mark), 46–49 (describing Martinez's testimony in the TTAB proceeding concerning the Klique ELA club and Martinez's involvement).

Klique ELA.[6] While the Complaint states that the Plaintiffs all derive their interest in the mark at issue from the social club of which they were presidents (Compl. ¶ 15), the record does not establish that the social club they referred to was Klique ELA, the Respondent in the Prior TTAB Proceeding. In fact, in their Opposition, the Plaintiffs explicitly disclaim that they are successors in interest to Klique ELA. Opp'n at 3. It appears that there are several chapters of the Klique Car Club (Compl. ¶14), and from the Complaint and judicially noticeable materials, the Court does not, at this stage, conclude that Plaintiffs' claims depend on the derivation of their rights from Klique ELA—the party in the Prior TTAB Proceeding.

Also, although there need only be a substantial identity between the parties (*see* Reply at 3, citing *Tahoe-Sierra Presidential Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–84 (9th Cir. 2003)), the Court cannot conclude, at this stage, that there is substantial similarity such that issue preclusion applies. Even if Plaintiffs are members of Klique ELA, if, as Plaintiffs assert, they have derived their trademark rights from another organization, the issue—whether Plaintiffs can show priority of use—is not the same between the two proceedings.

Because this requirement of identity of issues is not met, the Court need not evaluate the remaining requirements.

### III. Conclusion

For the foregoing reasons, the Court DENIES the Motion.

IT IS SO ORDERED.

Dated: March 6, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[6] Klique Car asserts that in the TTAB Prior Proceeding, Martinez submitted a purported assignment for the trademark executed by Martinez, Solorio, and Vasquez. Klique Car did not request Judicial Notice of this declaration or purported assignment, but even if it did, as discussed above, the Court does not take judicial notice of disputed facts contained within matters of public record.