UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No.   2:23-cv-07210-MEMF-MAA                                   Date: May 15, 2026

Title   *Alfonso Cortez et al v. Klique Car Club, Inc. et al*


Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                   Attorneys Present for Defendants:
N/A                                                                           N/A


**Proceedings: Order DISMISSING the Action Without Prejudice**

For the reasons below, this action is DISMISSED WITHOUT PREJUDICE.

On December 17, 2025, the Court issued an Order staying the case. Dkt. No. 36. The Order states:

The Court held a hearing on Plaintiffs' Motion to Reopen Case, Dkt. No. 31 , on December 11, 2025. At the hearing, counsel for Plaintiff represented that the motion was withdrawn. This Court will maintain this case as stayed and administratively closed until April 30, 2026. In the interim, the parties are instructed to mediate the matter. By that time, the parties are instructed to file either: (1) a stipulation for dismissal, or (2) a joint status report, if a settlement has not been reached. If the parties file a joint status report, it should reflect that the parties have met and conferred to indicate what further proceedings are appropriate and jointly propose a schedule for those proceedings. Failure to file a stipulation or status report with this Court may lead this Court, without further warning, to dismiss this action.

*Id.* (emphasis added). The parties did not file a stipulation for dismissal or a joint status report.

The Court finds that dismissal is warranted. A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in

CV-90 (03/15)                              Civil Minutes – General                              Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:23-cv-07210-MEMF-MAA                                        Date: May 15, 2026

Title    *Alfonso Cortez et al v. Klique Car Club, Inc. et al*

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district court's sanction of dismissal generally will be affirmed where at least four factors support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.

The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

The second factor also supports dismissal. The parties' failure to respond to the Court's Order interferes with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

The third factor supports dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). "The law [] presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). In this instance, there is a risk of prejudice to the defendants from plaintiff's delay.

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Products Liability Litigation*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations and quotation marks omitted). Thus, this factor alone does not preclude dismissal. Rather, in light of the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-07210-MEMF-MAA                          Date: May 15, 2026

Title      *Alfonso Cortez et al v. Klique Car Club, Inc. et al*


failure to comply with the Court's prior Order, it appears to the Court that they have failed to move the case toward disposition on the merits.

The fifth factor supports dismissal. Here, the Court gave the parties sixty days to take further action. No party filed any request to extend the deadline. The Court also warned the parties that the failure to comply with the Court's prior Order would result in dismissal. *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Despite the Court's warning, the parties have failed to file a stipulation for dismissal or a status report advising this Court of the status of this matter.

Four of the five factors support dismissal of the action for failure to comply with an Order of the Court. Consistent with the Court's prior Order, this matter is DISMISSED WITHOUT PREJUDICE for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).


**IT IS SO ORDERED.**


|  |  | : |
|---|---|---|
| **Initials of Preparer** |  | DBE |